The Full Commission has reviewed the Deputy Commissioner's Decision and Order based on the record of the proceedings before the Deputy Commissioner; the appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, and having reviewed the competent evidence of record, the Full Commission hereby affirms the Opinion and Award with minor modifications.
 ***********
Based on the competent evidence of record produced at the evidentiary hearing before the Deputy Commissioner, the Full Commission enters the following:
 FINDINGS OF FACTS
1. On August 6, 1998, plaintiff was an inmate at Pender Correctional Institution under the custody of the North Carolina Department of Correction.
2. Plaintiff testified that he was a passenger on a Department of Correction road squad bus located at the Onslow County Department of Transportation yard when the accident made the basis of this claim occurred.
3. Plaintiff further testified that he was a passenger on the bus, along with other inmates, and that they were on their way to work.
4. Department of Correction Officer Miguel Figiu (Feliu) was driving the bus and caused the bus to collide with a utility pole in the yard, pushing the pole over.
5. Plaintiff alleged that he suffered neck and back injuries as a result of the collision.
6. Defendant introduced into evidence Defendant's Exhibit No. 1, a sworn affidavit from Administrator Michael T. Bell, of Pender Correctional Institution, verifying that on the morning of August 6, 1998, plaintiff was assigned to Medium Custody Road Squad duty and was receiving at the time of the collision incentive wages at the rate of $0.70 per hour.
7. Plaintiff testified that he was paid wages in the approximate amount of $0.70 at the time of his injury and was in transport as a part of this job at the time and place of his injury.
 ***********
The foregoing findings of facts engender the following
 CONCLUSION OF LAW
1. Plaintiff's tort claim for this injury is precluded by the Workers' Compensation Act and his sole remedy is to pursue a claim for workers' compensation benefits. N.C.G.S. § 97-13(c).
 ***********
Based on the foregoing, the Full Commission entered the following
 ORDER
1. Plaintiff's tort claim is dismissed with prejudice.
2. Plaintiff may file a workers' compensation claim for benefits within 12 months from the date that he is released from Department of Correction custody in accordance with N.C.G.S. § 97-13(c). Nothing contained in this action is intended to comment on the validity, if any, of plaintiff's potential claim for workers' compensation benefits.
3. The parties shall pay their own costs.
 S/______________ RENE C. RIGGSBEE COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIR
 S/_______________ DIANNE C. SELLERS COMMISSIONER